## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF MISSISSIPPI
## GREENVILLE DIVISION

MICHEAL JAMISON                                                             PETITIONER

v.                                                                 No. 4:13CV172-MPM-DAS

CHRISTOPHER EPPS, ET AL.                                                   RESPONDENTS

## MEMORANDUM OPINION

This matter comes before the court on the *pro se* petition of Michael Jamison for a writ of *habeas corpus* under 28 U.S.C. § 2254. The State has moved to dismiss the petition as untimely filed under 28 U.S.C. § 2244(d)(2). Jamison has responded to the motion, and the matter is ripe for resolution. For the reasons set forth below, the State's motion to dismiss will be granted and the instant petition for a writ of *habeas corpus* dismissed as untimely filed.

### Facts and Procedural Posture

Michael Jamison is in the custody of the Mississippi Department of Corrections and is currently housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Jamison was convicted in the Circuit Court of Attala County, Mississippi, for sale of cocaine within 1,500 feet of a church. Jamison was sentenced as a habitual offender to serve a term of sixty years in the custody of the Mississippi Department of Corrections. On May 18, 1999, the Mississippi Court of Appeals affirmed Jamison's judgment of conviction and sentence. *Jamison v. State*, 741 So. 2d 359 (Miss. Ct. App. 1999). Jamison did not timely seek discretionary review in state court by filing a petition for rehearing under Miss. R. App. P. 40.

Jamison sought state post-conviction collateral relief many times. The first of his attempts was an "Application for Leave to Proceed in the Trial Court" signed on November 29, 2000, and stamped as "filed" on December 4, 2000, in Mississippi Supreme Court Cause No. 2000-M-01994. The Mississippi Supreme Court denied that motion on March 27, 2001.

Jamison requested an extension of the deadline to file a motion for rehearing, but the Mississippi Supreme Court denied the motion because rehearing of appellate motions is not proper under Miss. R. App. P. 27(h).

On June 2, 2004, Jamison signed a "Motion to the Court" which was stamped as filed on June 4, 2004 in Mississippi Supreme Court Cause No. 2004-M-1152. Jamison's filing was treated as a motion for post-conviction collateral relief and dismissed on August 20, 2004, as untimely. He filed a second application for post-conviction collateral relief in Cause No. 2004-M-1152 on January 6, 2006. On January 25, 2006, the Mississippi Supreme Court dismissed each of the various claims as either untimely, successive, procedurally barred, or without merit.

Jamison also signed an additional "Application for Leave to Proceed" on February 28, 2006, which was stamped as "filed" on March 1, 2006, in Mississippi Supreme Court Cause No. 2006-M-0324. On April 12, 2006, the Mississippi Supreme Court dismissed the pleading as a successive writ. Nearly a year later, on February 14, 2007, Jamison filed an additional "Application for Leave to Proceed" in Mississippi Supreme Court Cause No. 2006-M-0324. The Mississippi Supreme Court also dismissed that application as successive on March 29, 2007.

Finally, on June 11, 2013 – over six years later – Jamison signed a "Motion to Leave" which was stamped as "filed" on June 13, 2013, in Mississippi Supreme Court Cause No. 2013-M-00995. In the 2013 application, Jamison sought to challenge the sentence imposed at the time of his conviction. The Mississippi Supreme Court dismissed the motion as untimely on September 12, 2013. Jamison's motion for rehearing was dismissed on November 1, 2013, as not properly before the court. Jamison filed the instant petition for a writ of *habeas corpus* on October 3, 2013.

**One-Year Limitations Period**

Decision in this case is governed by 28 U.S.C. § 2244(d), which provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or the laws of the United States is removed, if the applicant was prevented from filing by such State action;

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U. S.C. § 2244(d)(1) and (2).

After the Mississippi Court of Appeals affirmed Jamison's conviction on direct appeal, he did not initiate the first step of discretionary review (seeking rehearing under Miss. R. App. P. 40); as such, he "stopped the appeal process" and was unable to pursue further direct review in the Mississippi Supreme Court or in the United States Supreme Court. *Roberts v. Cockrell,* 319 F.3d 690 (5th Cir. 2003). Therefore, Jamison's conviction became final, and the statute of limitations for federal *habeas corpus* relief began to run, when the time for seeking further direct review in the state court expired – fourteen days after his conviction was affirmed on direct appeal. *See* Miss. R. App. P. 40(a) (allowing fourteen days to file a petition for rehearing in state

court after direct appeal is affirmed). Jamison's conviction thus became final on June 1, 1999 (May 18, 1999 + 14 days). Jamison's deadline for seeking federal *habeas corpus* relief then became June 1, 2000 (June 1, 1999 + 1 year). Though Jamison sought state post-conviction collateral relief many times, he did not begin seeking such relief until November 29, 2000 – some five months after the June 1, 2000, federal *habeas corpus* deadline. As such, he does not enjoy statutory tolling of the *habeas corpus* deadline under 28 U.S.C. § 2244(d)(2). *See Flanagan v. Johnson,* 154 F.3d 196, 201 (5th Cir. 1998); *Davis v. Johnson,* 158 F.3d 806 (5th Cir. 1998). In addition, Jamison does not allege any "rare and exceptional" circumstances to warrant equitable tolling. *Ott v. Johnson,* 192 F.3d 510, 513-14 (5th Cir. 1999).

Under the "mailbox rule," the instant *pro se* federal petition for a writ of *habeas corpus* is deemed filed on the date the petitioner delivered it to prison officials for mailing to the district court. *Coleman v. Johnson,* 184 F.3d 398, 401, *reh'g and reh'g en banc denied,* 196 F.3d 1259 (5th Cir. 1999), *cert. denied,* 529 U.S. 1057, 120 S. Ct. 1564, 146 L.Ed.2d 467 (2000) (citing *Spotville v. Cain,* 149 F.3d 374, 376-78 (5th Cir. 1998)). In this case, the federal petition was filed sometime between the date it was signed on October 1, 2013, and the date it was received and stamped as "filed" in the district court on October 23, 2013. Giving the petitioner the benefit of the doubt by using the earlier date, the instant petition was filed over thirteen years after the June 1, 2000, filing deadline. The instant petition will thus dismissed with prejudice and without evidentiary hearing as untimely filed under 28 U.S.C. § 2244(d). A final judgment consistent with this memorandum opinion will issue today.

**SO ORDERED**, this, the 29th day of October, 2014.

**/s/ MICHAEL P. MILLS**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF MISSISSIPPI**